IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

BOUNPHENG PHOMMYVONG,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

2:25-CV-149-Z
(2:20-CR-014-Z-BR (11))

## MEMORANDUM OPINION AND ORDER

Petitioner Bounpheng Phommyvong filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. Section 2255 ("Motion"). ECF No. 4. For the reasons stated below, the Motion is **DENIED**.

### BACKGROUND

The record in Phommyvong's underlying criminal case, No. 2:20-CR-014-Z-BR (11) (the "CR"), reflects the following:

On September 30, 2020, Phommyvong pleaded guilty to one count of Possession with Intent to Distribute Methamphetamine and Aiding and Abetting, in violation of 21 U.S.C. Section 841(a)(1) & (b)(1)(C) and 18 U.S.C. Section 2. CR ECF No. 241. On February 23, 2021, Phommyvong was sentenced to 210 months in prison, followed by three years of supervised release. CR ECF No. 452. Judgment was entered on February 24, 2021. CR ECF No. 453. She did not appeal.

Phommyvong's *pro se* Motion to Vacate was received by the Court on July 7, 2025. CR ECF No. 658. She claims that her attorney was ineffective because he failed to argue that the Presentence Report improperly enhanced her guideline range based on possession of a firearm, although she was not charged with possession of the firearm. *Id.* She further claims

that counsel was ineffective by failing to argue for a sentence at the low end of the guideline range. *Id.* Because Phommyvong's Section 2255 motion appears untimely, the Court directed her to respond by November 7, 2025, regarding application of the one-year limitations period. Phommyvong failed to respond. After a review of the relevant pleadings and law, the Court concludes that Phommyvong's Section 2255 motion is barred by limitations and should be dismissed.

LEGAL ANALYSIS

A. Statute of Limitations.

A motion under Section 2255 is subject to a one-year limitation period, which begins to run from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2255(f). Phommyvong does not allege any facts that could trigger a starting date under Sections 2255(f)(2)-(4), so the limitations period began to run when her judgment of conviction became final.[1] *See* Section 2255(f)(1). Phommyvong did not appeal, so for her Section 2255 motion to have been timely under 2255(f)(1), she must have filed the motion no

---

[1] Although Phommyvong alleges in her amended Motion that she has "newly discovered evidence" that her counsel was ineffective, she does not allege (1) what the evidence is; or (2) that the evidence proves that she is actually innocent. Therefore, the Court construes her argument as a request for equitable tolling.

2

later than March 10, 2022.[2] *See United States v. Gentry*, 432 F.3d 600, 604 (5th Cir. 2005) (holding that a conviction becomes final for Section 2255 purposes at the expiration of the direct appeal process). Pursuant to the prison mailbox rule, Phommyvong filed her Section 2255 motion July 1, 2025, at the earliest, so it is untimely in the absence of equitable tolling. *See* ECF No. 2 at 3.

### B. Equitable Tolling.

The statute of limitations can be tolled in "rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine of equitable tolling "preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (internal quotation marks omitted). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016). A movant is entitled to equitable tolling only if he shows that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "[E]quity is not intended for those who sleep on their rights." *Covey v. Ark. River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). The movant bears the burden to show his entitlement to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). Courts must examine each case to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Phommyvong has presented no facts suggesting that she diligently pursued her rights or that some extraordinary circumstance prevented her from timely filing her Section 2255

---

[2] Phommyvong's conviction became final on March 10, 2021, after expiration of her deadline to file a notice of appeal.

3

motion. Phommyvong's *pro se* status, "the lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the AEDPA statute of limitations." *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008). On this record, Phommyvong has not met her burden to establish that equitable tolling is warranted. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam).

CONCLUSION

For the foregoing reasons, Phommyvong's motion to vacate sentence under 28 U.S.C. Section 2255 is **DISMISSED with prejudice** as barred by the one-year statute of limitations. *See* 28 U.S.C. Section 2255(f); Rule 4(b) of the Rules Governing § 2255 Proceedings.

SO ORDERED.

November 21, 2025

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

4